**Eang IM, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–73527.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2012.*

Filed Sept. 18, 2012.

Erika Vejar, Esquire, Law Offices of Erika Vejar, San Dimas, CA, for Petitioner.

David Nicholas Harling, Trial, OIL, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Eang Im, a native and citizen of Cambodia, petitions for review of a Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791

(9th Cir.2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Im's motion to reopen because the motion was filed nearly nine months after the BIA's January 5, 2009, decision vacating the immigration judge's decision to defer Im's removal and ordering him removed, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen generally must be filed within 90 days of the final administrative order), and Im failed to allege grounds for equitable tolling, *see Avagyan v. Holder*, 646 F.3d 672, 678–80 (equitable tolling available where petitioner is prevented from filing because of deception, fraud, or error, as long as petitioner acts with due diligence in discovering such circumstances).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir.2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.